IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA JOHNSON,<br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>Defendant. | CIVIL ACTION NO. 17-2713 |

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending in this appeal of an adverse final decision of the social security administration are the parties' cross motions for summary judgment (Document Nos. 9 & 10). Having considered the motions, each sides' response to the other's motion (Document Nos. 13 & 14), the administrative record, the written decision of the Administrative Law Judge, and the applicable law, the Court[1] ORDERS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 10) is GRANTED, Plaintiff's Motion for Summary Judgment (Document No. 9) is DENIED, and the decision of the Commissioner is AFFIRMED.

---

[1] On December 29, 2017, pursuant to the parties consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 12.

## I. Introduction

Plaintiff Pamela Johnson ("Johnson") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits (DIB). In this appeal, Johnson argues in one claim that remand is warranted because the Administrative Law Judge ("ALJ") failed to fully consider the medical evidence of record. Johnson describes four instances which she believes support her argument that the ALJ failed to fully consider the medical evidence of record.

First, Johnson argues that the ALJ misstated the date on which she was injured at work. Johnson claims that in misstating her date of injury, the ALJ improperly rejected her complaints of pain and its impact on her ability to work. Second, Johnson argues that the ALJ misstated her age as of her alleged onset date. Third, Johnson argues that she submitted evidence that the ALJ did not consider. Fourth, Johnson argues that she submitted evidence to the Appeals Council after the hearing and the Appeals Council did not consider and exhibit the evidence, nor did the Appeals Council provide a rationale for why the new evidence did not demonstrate whether the impairments met the requirements of Listing 12.05C.

The Commissioner, while arguing in her own Motion for Summary Judgment that substantial evidence supports the ALJ's decision, and that the decision comports with applicable law, contends in response to Johnson's Motion for Summary Judgment that the ALJ fully considered the medical evidence of record. The Commissioner responds to each of Johnson's arguments. First, the Commissioner argues that Johnson has failed to demonstrate how the ALJ's error in misstating Johnson's date of injury is material to the issue of disability. Second, the Commissioner argues that Johnson has failed to show the relevance of her age in adjudicating

2

her disability claim. Third, the Commissioner argues that the ALJ was under no obligation to make a reasonable effort to help get her medical records under 20 C.F.R. §§ 404.1512(d), 416.912(d). The Commissioner also argues that Johnson has not tied the ALJ's misstatement of her date of injury to an improper evaluation of her pain.

Fourth, the Commissioner argues that Johnson has not provided good cause for failing to submit the evidence, which she submitted to the Appeals Council after the hearing, to the ALJ when all of it was dated prior to the ALJ's decision. The Commissioner also argues that the Appeals Council does not have to address any new evidence or explain why it denied review in its decision. Lastly, the Commissioner argues that the Appeals Council did not have to provide a rationale for why the new evidence did not demonstrate whether Johnson's impairments met the requirements of Listing 12.05C because Listing 12.05C relates to intellectual disability, which was not an issue in this case.

## II. Administrative Proceedings

On August 2, 2014, Johnson filed an application for DIB and for supplemental security income, alleging that she became disabled on September 15, 2009. Johnson's applications were denied initially on October 10, 2014, and upon reconsideration on January 6, 2015. After that, Johnson requested a hearing before an ALJ. The Social Security Administration granted her request and the ALJ, Susan J. Soddy, held a hearing on June 8, 2016. (Tr. 17). At the hearing, Johnson, through her attorney, amended her alleged onset date of disability to January 1, 2014. *Id.* On August 12, 2016, the ALJ issued her decision finding Johnson not disabled. (Tr. 28).

On July 24, 2017, Johnson sought review of the ALJ's adverse decision with the Appeals Council. (Pl.'s Mot. for Summ. J. 4). The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ

3

abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 416.1470. The Appeals Council denied Plaintiff's request for review (Tr. 1-3) and the ALJ's decision thus became final.

Johnson filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g). Both sides have filed a Motion for Summary Judgment, each of which has been fully briefed. The appeal is now ripe for ruling.

### III. Standard for Review of Agency Decision

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Cook v.*

*Heckler*, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

## IV.  Burden of Proof

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied to work.

42 U.S.C. § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if he is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

The Commissioner applies a five-step sequential process to decide disability status:

1. If the claimant is presently working, a finding of "not disabled" must be made;

2. If the claimant does not have a "severe impairment" or combination of impairments, he will not be found disabled;

3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

5. If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into consideration his age, education, past work experience and residual functional capacity, he will be found disabled.

*Anthony*, 954 F.2d at 293; *see also Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under this framework, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 563.

Here, the ALJ found at step one that Johnson had not engaged in substantial gainful activity since January 1, 2014, her amended alleged onset date. At step two, the ALJ found that

Johnson had, as severe impairments: left knee internal derangement and left lower extremity complex regional pain syndrome. At step three, the ALJ concluded that Johnson did not have an impairment or combination of impairments that met or medically equaled a listed impairment, including Listings 1.01/11.01 and 1.02a. The ALJ then, prior to consideration of step four, determined that Johnson had the residual functioning capacity ("RFC") to perform a limited range of light work: "[she can] perform light work…except she cannot climb ropes, ladders, or scaffolds. She can stand/walk no more than four hours overall in an eight hour workday." (Tr. 20). Using that RFC, and based on the testimony of a vocational expert, the ALJ determined at step four that Johnson could not perform her past work. At step five, using that same RFC, and based on the vocational expert's response to hypothetical questions, the ALJ determined that Johnson could perform work that exists in significant numbers in the national economy, including laundry press operator, assembly press operator, and bottling line attendant, and that she was, therefore, not disabled.

In this appeal, Johnson maintains that the ALJ's opinion is not supported by substantial evidence. Johnson argues that the ALJ failed to consider new evidence and that the ALJ failed to consider Johnson's subjective complaints of pain. According to Johnson, remand is warranted so that the new evidence she submitted to the Appeals Council can be fully considered by the ALJ.

## V. Discussion – Failure to Fully Consider the Medical Evidence of Record

Johnson argues that the ALJ misstated the date on which she was injured at work by stating that she was injured at work in March 2013, instead of January and February 2013. The Commissioner admits that the ALJ misstated the date of Johnson's injury, but contends that Johnson has not specifically argued how this misstatement of the date of injury is material to the issue of disability. Because Johnson amended her onset date of disability to January 1, 2014,

7

which is after all three of the dates related to her work injuries (Tr. 17) (January 2013, February 2013, and March 2013), any misstatement by the ALJ about the date had no bearing on the ALJ's decision. Thus, Johnson's first argument is rejected.

Johnson also argues that in misstating the date of her injury, the ALJ improperly rejected her complaints of pain and its impact on her ability to work. However, Johnson does not specifically argue how this misstatement of her date of injury is related to an improper evaluation of her pain. Furthermore, the ALJ did not reject Johnson's complaints of pain. The ALJ noted the treatment of her ankle injury, including pain medication, injections, physical therapy, and the use of a cam walker, as well as the results of physical examinations. (Tr. 21-26). The ALJ noted that her pain was mostly controlled with medication and that Johnson continued to work part-time more than 15 months after her alleged onset date. *Id.* The ALJ also asked Johnson a series of questions about her condition and listened to testimony from a vocational expert. (Tr. 40-54). The ALJ considered Johnson's complaints of pain and gave supported reasons for finding that they did not preclude Johnson from working. (Tr. 20-28).

It is an ALJ's duty to consider a claimant's subjective symptoms of pain. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). "The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled." *Id.* The ALJ does not have "to give subjective evidence precedence over medical evidence, nor is all pain disabling." *Loya v. Heckler*, 707 F.2d 211, 214 (5th Cir. 1983).

In *Loya v. Heckler*, the claimant, Loya, was unable to continue working because of injuries to his back, spine, collarbone, shoulder, and other physical problems. *Id.* at 213. Two doctors examined Loya and they both arrived at similar conclusions that Loya was 100%

disabled. *See id.* Loya's application for disability benefits was denied. *See id.* When the case was heard before an ALJ, the ALJ determined that even though Loya was severely impaired, he was still capable of performing light work, and thus was not disabled. *Id.* Loya argued that the ALJ did not take seriously the reports of the two doctors who had concluded that Loya was disabled. *Id.* at 214.

The Fifth Circuit found, however, that the ALJ properly considered the medical reports in the case:

> The ALJ in this case did not ignore the treating physicians' medical opinions and he had good cause for rejecting their conclusions that the claimant was 100% disabled. The ALJ carefully reviewed each doctor's findings....The ALJ rejected the doctor's opinions that the claimant was completely disabled because the opinions were based on vocational, rather than medical, considerations....The ALJ expressly considered the claimant's subjective complaints of pain...The judge was not convinced by the claimant's manner and demeanor, however, and he concluded that the "claimant's allegations of pain of such severity so as to preclude light work...[were] not...credible." The claimant complained of aches and pains all over his body, but even Dr. Capen found that the claimant was not experiencing significant pain in one of the areas that the claimant complained about most—his neck.

*Id.* at 214-15. The ALJ in Johnson's case properly considered the medical reports just as the ALJ did in the *Loya* case. The ALJ in Johnson's case properly went through Johnson's medical record. The ALJ found that Johnson's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 21). However, the ALJ did not find Johnson's subjective symptoms of pain to be entirely credible. "[N]one of [Johnson's] treating sources have submitted medical source statements that indicate [that Johnson] has specific functional limitations stemming from her impairments that would [preclude] the residual functional capacity assessment or ability to perform work-related functions as set forth [in the ALJ decision]." (Tr. 25). The ALJ determined that Johnson's medical records do not support the degree of severity alleged by Johnson. *Id.* Johnson's medical records actually show that her

impairments have been adequately treated and have not resulted in serious problems nor have they worsened. *Id.* The ALJ also determined that Johnson's medical records support a finding of not-disabled because her medications have been relatively effective in maintaining her symptoms. (Tr. 26). The ALJ noted that when Johnson started to complain about increased pain, there were no medications detected in her urine drug test. *Id.* Thus, the ALJ carefully considered Johnson's entire medical history and came to an informed conclusion.

Next, Johnson argues that the ALJ misstated her age as of her alleged onset date as she was 48 years old and not 44 years old. However, Johnson does not specifically argue how this misstatement of her age as of her alleged onset date is material to the issue of disability. Under 20 C.F.R. §§ 404.1563(c), 416.963(c), a person who has not reached age 50 is considered a younger person. As a younger person, age is not considered as seriously affecting one's ability to adjust to other work. Although the regulation recognizes that there are circumstances in which people age 45-49 are more limited in their ability to adjust to other work, Johnson did not raise this argument in her Motion for Summary Judgment. Furthermore, the ALJ limited Johnson to a range of light work, (Tr. 20) and thus, the ALJ's error of misstating Johnson's age did not negatively affect the ALJ's disability determination. Johnson's second argument is, therefore, also rejected.

Next, Johnson argues that she submitted evidence that the ALJ did not consider. The evidence submitted by Johnson to the ALJ consists of a one page medical treatment report, titled "Claimant's Recent Medical Treatment." (Tr. 396). The report lists two doctors, Dr. Stacy Bacon and Dr. Andrew McKay. *Id.* The records from Dr. McKay are in the record (Tr. 669-704), but the records from Dr. Bacon are not. However, Johnson does not specifically explain why neither she nor her administrative representative provided records from Dr. Bacon.

"[A] court may reverse the ALJ's decision if the claimant can show that (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff." *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015). An ALJ does not have the duty "to obtain all of a claimant's medical records before reaching a decision." *Id*. "[The 5th Circuit] has described the ALJ's duty as one of developing all relevant facts, not collecting all existing records." *Id*. The court usually defers to the ALJ's questioning of the claimant to decide whether the ALJ gathered enough information to make a determination on the claimant's disability status. *Id*. "The ALJ is not required to provide an exhaustive point-by-point discussion of his analysis, but he is required to discuss the evidence and to explain why he found the claimant not disabled at step three of the sequential disability evaluation." *Johnson v. Astrue*, No. 5:09-CV-112-BG ECF, 2010 WL 1817225, at *2 (N.D. Tex. Jan. 12, 2010).

Despite an ALJ's duty to develop the record, the ultimate burden rests with the claimant to provide evidence of her disability. 42 U.S.C. § 423(d)(5)(A). Generally, the duty to obtain medical records is on the claimant. *See Thorton v. Schweiker*, 663 F.2d 1312, 1316 (5th Cir. 1981). Johnson was represented by counsel and she had an opportunity to testify at the hearing regarding her disability. (Def.'s Reply to Pl.'s Mot. for Summ. J. 4). Thus, the ALJ was under no obligation to make a reasonable effort to help get her medical records under 20 C.F.R. § 404.1512(d), 416.912(d). Johnson's third argument is also rejected.

Next, Johnson argues that she submitted evidence to the Appeals Council after the hearing and the Appeals Council did not consider and exhibit the evidence, nor did the Appeals Council provide a rationale for why the new evidence did not demonstrate whether the impairments met the requirements of Listing 12.05C. "[I]n order to justify a remand, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to

incorporate the evidence into the record in a prior proceeding." *Leggett v. Chater*, 67 F.3d 558, 566-67 (5th Cir. 1995). Johnson has not shown good cause for her failure to submit the evidence to the ALJ. In addition, the evidence is dated prior to the ALJ's decision, and cannot be considered "new."

Pursuant to 20 C.F.R. §§ 404.970(b), 416.1470(b), the Appeals Council will "evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision…and will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). The Appeals Council is not required to address new evidence nor explain its reasoning for denying review. *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016) (citing *Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015)).

Johnson relies on *Cornelius v. Sullivan*, 936 F.2d 1143 (11th Cir. 1991), and *Mitchell v. Commissioner, Social Security Administration*, 771 F.3d 780 (11th Cir. 2014), to support her argument that the Appeals Council was required to give a reason for why the new evidence would not change the ALJ's decision. However, both of these cases are from the Eleventh Circuit, and thus are not binding on this Court. In addition, Johnson's argument is not persuasive. In *Sun v. Colvin*, 793 F.3d 502, medical records that existed at the time of the ALJ's opinion were submitted to the Appeals Council in a request for review. The Appeals Council denied review but made no comment on those medical records. While the Fifth Circuit concluded that the Appeals Council had no duty to discuss the newly submitted evidence or give reasons for its denial of review, the newly submitted evidence had to be considered by the District Court in determining, under § 405g, whether "substantial evidence support[ed] the ALJ's denial of benefits." *Sun*, 793 F.3d at 512. Finding the newly submitted medical records to be "significant"

12

and supportive of the claimant's testimony about her subjective complaints, the Fifth Circuit concluded that remand was warranted so that a fact finder could consider and/or "reconcile" the medical records "with other conflicting and supporting evidence in the record."

In this case, the Appeals Council concluded, as follows, that the new evidence provided no basis for review of the ALJ's decision:

> This is about your request for review of the Administrative Law Judge's decision dated August 12, 2016. You submitted reasons that you disagree with the decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council. We found that the reasons do not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 1). That determination by the Appeals Council, which is in turn dependent, at least in part, on the ALJ's assessment of Johnson's subjective complaints and her credibility, is reconciled with Johnson's new evidence. The evidence was all dated prior to the ALJ's decision. The evidence was mostly progress reports in which it was noted that Johnson's pain was being controlled by medication and other methods. For example, on October 13, 2015, Johnson was seen for a follow-up after receiving a left-sided lumbar sympathetic nerve block. (Tr. 667). The procedure was performed on September 17, 2015. *Id.* During the follow-up, Johnson noted that she had a 75% to 80% decrease in left lower extremity pain complaints. *Id.* Johnson began physical therapy again. *Id.* There were several other similar progress reports that noted improvements in Johnson's pain. Johnson's argument about the Appeals Council's decision is rejected.

Finally, the Court rejects Johnson's argument that the Appeals Council erred in failing to provide sufficient reasoning for whether the new evidence met Listing 12.05C. Listing 12.05C discusses intellectual disability. Johnson's case is not about intellectual disability; it is about a physical impairment.

## VI. Conclusion and Order

Based on the foregoing and the conclusion that the new evidence submitted by Johnson to the Appeals Council does not require reconciliation with the ALJ's credibility determination, the Court ORDERS that Defendant's Motion for Summary Judgment (Document No. 10) is GRANTED, Plaintiff's Motion for Summary Judgment (Document No. 9) is DENIED, and the decision of the Commissioner is AFFIRMED.

Signed at Houston, Texas, this 2nd day of July, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE